UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

AURELIUS CAPITAL MASTER, LTD.; ACP MASTER, LTD.; AURELIUS OPPORTUNITIES FUND, LLC; 683 CAPITAL PARTNERS, LP; ADONA LLC; EGOZ I LLC; EGOZ II LLC; MASTERGEN, LLC; ERYTHRINA, LLC; AP 2016 1, LLC; AP 2014 3A, LLC; AP 2014 2, LLC; WASO HOLDING CORPORATION; TWO SEAS GLOBAL (MASTER) FUND LP; VIRTUAL EMERALD INTERNATIONAL LTD. and THE BANK OF NEW YORK MELLON, SOLELY IN ITS CAPACITY AS TRUSTEE,

Plaintiffs,

- against -

THE REPUBLIC OF ARGENTINA,

Defendant.

-----------------------------------------------------------x

No. 1:23-CV-10838 (LAP)
Hon. Loretta A. Preska

## STIPULATED PROTECTIVE ORDER

The Parties hereby stipulate to and jointly petition the Court to enter the following Stipulated Protective Order ("Order") to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality and privilege, and protect material to be kept confidential or privileged, pursuant to Federal Rule of Civil Procedure 26(c), Federal Rule of Evidence 502(d), and the Court's inherent authority.

It is **ORDERED** that any person subject to this Order—including, without limitation, the Parties to this Action; their representatives, counsel, agents, experts and consultants; the Consenting Requesting Beneficial Owners; their counsel and representatives; all

third parties providing discovery in this Action; and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms.

## I. DEFINITIONS

1. The term "Acknowledgment of Understanding and Agreement to Be Bound" refers to the agreement attached hereto as Attachment A.

2. The term "Action" refers to the above-captioned action.

3. The term "Confidential Discovery Material" refers to all documents and information designated as Confidential pursuant to this Order.

4. The term "Designating Party" means a Party or Non-Party that designates a document as Confidential for protection under this Order.

5. The term "Requesting Beneficial Owners" means the parties to that certain Request and Indemnity, dated December 12, 2023, and filed in the Supreme Court of the State of New York, New York County in *In re The Bank of New York Mellon*, Index No. 158122/2024 (NYSCEF No. 10), pursuant to which the Trustee commenced this Action, namely: Aurelius Capital Master, Ltd.; ACP Master, Ltd.; Aurelius Opportunities Fund, LLC; 683 Capital Partners, LP; Adona LLC; Egoz I LLC; Egoz II LLC; Mastergen, LLC; Erythrina, LLC; AP 2016 1, LLC; AP 2014 3A, LLC; AP 2014 2, LLC; WASO Holding Corporation; Two Seas Global (Master) Fund LP; and Virtual Emerald International Ltd.

6. The term "Consenting Requesting Beneficial Owners" means the following Requesting Beneficial Owners: Aurelius Capital Master, Ltd.; ACP Master, Ltd.; Aurelius Opportunities Fund, LLC; and WASO Holding Corporation.

7. The term "Discovery Material" refers to all documents and information of any kind produced in the course of discovery in this Action, including, without limitation, through initial disclosures, requests for documents, interrogatories, depositions, subpoenas and

other discovery requests, as well as expert discovery, regardless of the medium or manner in which it is generated, stored or maintained (including, among other things, produced documents, testimony, transcripts, and tangible things).

8. The term "Issuing Party" means a Party that issues a subpoena to a Non-Party.

9. The term "Non-Party" means any natural person, partnership, corporation, association, or other legal entity that is not a Party.

10. The term "Party" refers to either of the Trustee or the Republic. For the avoidance of doubt, the term "Party" shall not encompass the Requesting Beneficial Owners or Consenting Requesting Beneficial Owners.

11. The term "Prior Actions" means, collectively, the following actions that were coordinated before this Court: (i) *Aurelius Capital Master, Ltd. v. The Republic of Argentina*, No. 19 Civ. 351 (LAP) (S.D.N.Y.); (ii) *Novoriver S.A. v. Argentine Republic*, No. 19 Civ. 9786 (LAP) (S.D.N.Y.); (iii) *ACP Master, Ltd. v. The Republic of Argentina*, No. 19 Civ. 10109 (LAP) (S.D.N.Y.); (iv) *683 Capital Partners, LP v. The Republic of Argentina*, No. 19 Civ. 10131 (LAP) (S.D.N.Y.); (v) *Adona LLC, et al. v. The Republic of Argentina*, No. 19 Civ. 11338 (LAP) (S.D.N.Y.); and (vi) *Ape Group SPA, et al. v. The Republic of Argentina*, No. 20 Civ. 10409 (LAP) (S.D.N.Y.).

12. The term "Prior Protective Order" means the Stipulated Protective Order entered on September 21, 2021 in the Prior Actions (*see* 19-cv-351 Dkt. No. 50).

13. The term "Producing Party" means a Party or Non-Party that produces Discovery Material in this Action.

14. The term "Receiving Party" means (i) a Party that receives Discovery Material or (ii) a Non-Party authorized to receive Discovery Material pursuant to this Order.

15. The term "Republic" means defendant The Republic of Argentina.

16. The term "Trustee" means plaintiff The Bank of New York Mellon, solely in its capacity as Trustee under the Trust Indenture, dated as of June 2, 2005 by and between Trustee and the Republic, as amended, restated, supplemented, or otherwise modified from time to time with respect to the Republic's 2005-issued U.S. Dollar-Denominated New York law GDP-Linked Securities (ISIN: US040114GM64) and 2010-issued U.S. Dollar-Denominated New York law GDP-Linked Securities (ISIN: XS0501197262).

## II. SCOPE

17. All materials produced in the course of discovery in this Action, including not only Discovery Material (as defined above) but also:

a. information copied or extracted therefrom;

b. all copies, excerpts, summaries, descriptions, or compilations or demonstrative exhibits of Discovery Material; and

c. any testimony, conversations or presentations by Parties, Consenting Requesting Beneficial Owners, their counsel, representatives, agents, experts and consultants, that might reveal Discovery Material

shall be subject to this Order.

18. The Parties agree that, notwithstanding anything to the contrary in this Order or the Prior Protective Order, all "Discovery Material," as that term is used in the Prior Protective Order (including, without limitation, documents, deposition testimony, and transcripts) that was produced in the Prior Actions by the Trustee, or the Republic, or any Consenting Requesting Beneficial Owner, may be used in this Action as if such material had been produced in this Action. The Trustee represents that it has obtained the consent of each

Consenting Requesting Beneficial Owner to such use of Discovery Material from the Prior Actions that was produced by the Consenting Requesting Beneficial Owner as if such material had been produced during discovery in this Action. Any such material shall be deemed to be and treated and referred to as "Discovery Material" under this Order and shall remain subject to all confidentiality designations and protections applicable to it under this Order, as well as those imposed by the Prior Protective Order.

19. All Discovery Material produced or disclosed in connection with this Action shall be used solely for the prosecution or the defense of this Action (including any appeals therefrom) and for no other purpose, including use in other legal actions, present or future.

20. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

## III. DESIGNATION AND USE OF CONFIDENTIAL MATERIAL

21. **Confidential Discovery Material**. As used in this Order, "Confidential Discovery Material" means information designated as "CONFIDENTIAL" by the Designating Party that falls within one or more of the following categories:

a. information kept confidential pursuant to, or prohibited from disclosure by, any domestic or foreign law, regulation, or court order, including but not limited to any applicable data privacy laws;

b. information that reveals trade secrets or other nonpublic proprietary business information that bestows a competitive advantage on the Producing Party;

c. research, technical, commercial, financial, client or customer or business development information or data that the Producing Party has maintained as confidential;

d. medical information or other private and highly sensitive information concerning any individual;

e. personally identifiable information (such as Social Security numbers);

f. income tax returns (including attached schedules and forms), W-2 forms and 1099 forms;

g. personnel or employment records;

h. information designated as confidential under the Prior Protective Order;

i. any information that constitutes confidential information under Federal Rule of Civil Procedure 26(c); or

j. other information the Producing Party reasonably believes is subject to protection and any other category of information given Confidential status by the Court.

Information or documents that are or become available to the public, other than as a result of a breach of this Order or a violation of any other duty of confidentiality, do not qualify as Confidential Discovery Material.

22. **Designation.** A Designating Party may designate a document as Confidential for protection under this Order by placing or affixing the word "CONFIDENTIAL" on the document, or, in the case of native files, in the file name or metadata, and on all copies in a manner that will not interfere with the legibility or audibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential information. The markings shall be applied prior to or at the time of the documents being produced or disclosed. Applying these markings to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Discovery Material are not

required to be marked. The designation of a document as "CONFIDENTIAL" is to be deemed a good-faith certification by the Designating Party that the document contains Confidential Discovery Material, as defined in this Order.

23. **Depositions.**

a. A Designating Party may designate some or all of a witness's deposition testimony as Confidential for protection under this Order by advising the court reporter and counsel of record of the testimony containing the Confidential Discovery Material, either orally on the record at the deposition or in writing to all Parties no later than thirty (30) days after receipt of the final deposition transcript. Until the conclusion of the 30-day designation period, all deposition transcripts and exhibits shall be treated as Confidential.

b. To the extent deposition transcripts or exhibits are designated as Confidential, the Parties and the court reporter shall thereafter mark all copies of such transcripts, designated pages, or exhibits with the appropriate "CONFIDENTIAL" legend, and will note on the cover page of any such transcripts the following legend: "[This Deposition/Certain Designated Pages of this Deposition] are Confidential and Subject to a Protective Order."

c. During a deposition, only persons to whom disclosure of Confidential Discovery Material is permitted under Paragraph 24 of this Order shall remain present while Confidential Discovery Material is being used or discussed. If, during the course of a deposition, the response to a question would require the witness to disclose Confidential Discovery Material, the witness may assert the confidentiality of the material as a basis for refusing to answer only if a person not authorized under Paragraph 24 of this Order is present.

24. **Protection of Confidential Discovery Material**. No person shall disclose, discuss, or permit the disclosure of any Confidential Discovery Material to or with any

person or entity except as set forth in sub-paragraphs 24(a)-(l) of this Order. Prior to the disclosure of any Confidential Discovery Material to any person referred to in sub-paragraphs 24(a)-(l), such person shall be advised of the Confidential nature of the Discovery Material pursuant to the contents of this Order. Subject to these requirements, the following categories of persons may be allowed to review Confidential Discovery Material:

a. **Counsel**. Outside legal counsel of the Parties retained specifically for this Action, including such employees and support staff that have responsibility for assisting outside counsel in connection with this Action, and in-house counsel of the Parties to whom it is reasonably necessary to disclose the information in connection with this Action;

b. **Parties**. The Parties and their representatives, provided that any representative to whom Confidential Discovery Material is disclosed shall first execute the Acknowledgment of Understanding and Agreement to Be Bound;

c. **The Consenting Requesting Beneficial Owners**. The Consenting Requesting Beneficial Owners and their counsel and representatives, provided that any representative to whom Confidential Discovery Material is disclosed shall first execute the Acknowledgment of Understanding and Agreement to Be Bound. For purposes of this Order, and for the avoidance of doubt, a Consenting Requesting Beneficial Owner's representatives shall be limited to those persons to whom it is reasonably necessary to disclose the information in connection with this Action and who are actually engaged in assisting a Consenting Requesting Beneficial Owner with this Action, and shall not include any personnel, employees, officers, directors, agents, or representatives of any Requesting Beneficial Owner that is not a Consenting Requesting Beneficial Owner. The Consenting Requesting Beneficial Owners' receipt of Confidential Discovery Material pursuant to this Paragraph is expressly conditioned on

their agreement that: (i) Discovery Material from the Prior Actions that was produced by the Consenting Requesting Beneficial Owner may be used in this Action as if such material had been produced in this Action, as set forth in Paragraph 18; and (ii) each Consenting Requesting Beneficial Owner will participate in discovery in this Action, including with respect to preservation, document production, written discovery, depositions, and supplementation, without requiring the Republic to proceed by subpoena. Each Consenting Requesting Beneficial Owner hereby agrees to accept service of discovery requests and deposition notices through its undersigned counsel, waives any objection based on the absence of a subpoena, and consents to the jurisdiction of the Court for purposes of enforcing its obligations under this paragraph. The Consenting Requesting Beneficial Owners do not waive, and expressly preserve, all rights and objections in connection with any propounded discovery, including with respect to requests that are duplicative, unduly burdensome, or disproportionate to the needs of the case. Nothing herein shall be construed as altering the Court's jurisdiction (or lack thereof) over the Consenting Requesting Beneficial Owners generally or with respect to any matter or issue other than with respect to the Consenting Requesting Beneficial Owners' participation in discovery in this Action and matters relating to this Stipulated Protective Order, and the Consenting Requesting Beneficial Owners expressly reserve and retain all rights to object to, contest, or otherwise challenge any attempt to subject them to the Court's jurisdiction other than as provided herein;

d. **The Court** and its personnel;

e. **Court Reporters, Recorders, and Interpreters**. Court reporters, recorders, and interpreters engaged for depositions in this Action, but only after such persons have completed the Acknowledgment of Understanding and Agreement to Be Bound;

f. **Contractors**. Those persons specifically engaged by the Parties, the Consenting Requesting Beneficial Owners, or their respective counsel for the limited purpose of making copies of documents, translating documents, or organizing, producing, or processing documents, including outside vendors hired to process electronically stored documents, to whom it is reasonably necessary to disclose the information in connection with this Action, but only after such persons have completed the Acknowledgment of Understanding and Agreement to Be Bound;

g. **Consultants and Experts**. Consulting or testifying experts employed by the Parties, the Consenting Requesting Beneficial Owners, or their respective counsel to whom it is reasonably necessary to disclose the information in connection with this Action, but only after such persons have completed the Acknowledgment of Understanding and Agreement to Be Bound;

h. **Witnesses**. In connection with their depositions or trial testimony, witnesses in this Action and their counsel to whom disclosure is reasonably necessary, but only after such persons have completed the Acknowledgment of Understanding and Agreement to Be Bound. Neither witnesses nor their counsel shall retain a copy of any exhibit designated as Confidential, except witnesses and their counsel may receive copies of all exhibits marked at their depositions in connection with review of the transcripts, after which witnesses and their counsel shall destroy those copies. Transcripts of deposition testimony or exhibits to depositions

that contain information designated as Confidential pursuant to this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

i. **Author or recipient**. The author, addressee, or recipient of a document (not including a person who received the document in the course of litigation) may be shown any document that Counsel has a good faith reason to believe he or she authored or received or that was addressed to him or her;

j. **Special masters** and their direct staff;

k. **Mediators**. Mediators or other third parties who are appointed by the Court or retained by the Parties for settlement purposes and their direct staff, provided that they are bound by a confidentiality agreement acceptable to all Parties; and

l. **Others by Consent or Order**. Other persons only by written consent of the Designating Party or upon order of the Court and only on such conditions as may be agreed to or ordered.

25. **Retention of Acknowledgment of Understanding and Agreement to Be Bound**. Counsel for the Parties and the Consenting Requesting Beneficial Owners, as applicable, shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of this Action, including any appeals.

26. Nothing in this Order shall limit or restrict in any manner a Party or Non-Party's right to use, or to authorize or consent to the use of, its own Discovery Material.

27. Nothing in this Order shall permit, limit, or preclude the redaction by a Producing Party of any information subject to United States or foreign data privacy, or any other

applicable United States or foreign statute, law, regulation, privilege, court order, restriction, defense, immunity, or protection from disclosure, or permit or preclude a Receiving Party's challenge of such redaction.

28. **Failure to Designate**. A failure to designate information as Confidential does not waive the confidential status of such information or the right to so designate the information. If a Party or Non-Party designates information as Confidential after it was initially produced or disclosed, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document and any copies or summaries thereof are treated in accordance with the provisions of this Order. No Party or Non-Party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential.

29. **Filing of Confidential Discovery Material**. This Order does not, by itself, authorize the filing of any document under seal. The Parties shall seek to have any Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, filed under seal with the Clerk of the Court and kept under seal until further order of the Court, in accordance with Rule 2(G) of the Court's Individual Practices. The Parties will endeavor to minimize such sealing.

30. **Challenges by a Party to Designation as Confidential Discovery Material.** The designation of any material or document as Confidential is subject to challenge by any Party or Consenting Requesting Beneficial Owner. The following procedure shall apply to any such challenge.

a. A Party or Consenting Requesting Beneficial Owner challenging any designation of confidentiality (the "Challenging Party") must do so in good faith and must begin the process by conferring with counsel for the Designating Party. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party must respond to the challenge within ten (10) business days.

b. A Party or Consenting Requesting Beneficial Owner that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all persons who have access to the Confidential Discovery Material shall continue to treat the materials as Confidential under the terms of this Order.

c. Within ten (10) business days of resolution of any dispute, whether by agreement or Court order, the Producing Party shall provide to each Receiving Party replacement versions of any Discovery Material whose Confidential designation is overturned or withdrawn.

d. Each Party or Consenting Requesting Beneficial Owner shall bear its own fees and costs related to any challenges of confidentiality designations under this Order.

31. **<u>Use of Confidential Documents or Information at Trial</u>**. Nothing in this Order shall be construed to affect the use of any document, material, or information at any

trial, conference, or hearing. A Party that intends to present or that anticipates that another Party may present Confidential Discovery Material at a hearing or trial shall bring that issue to the Court's and the Parties' attention by motion or in a pretrial memorandum (with a copy served on any other applicable Producing Parties) without disclosing the Confidential Discovery Material. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial. Unless otherwise directed by the Court, the use of Confidential Discovery Material at hearings or at trial shall not cause such Confidential Discovery Material to lose its status as Confidential.

32. **Confidential Discovery Material Subpoenaed in Other Litigation or Proceeding.**

a. If a Receiving Party is served with a subpoena or a judicial order issued in a litigation or proceeding that would compel disclosure of any material or document designated as Confidential, the Receiving Party must so notify the Designating Party, in writing, promptly after receiving the subpoena or order if not otherwise prohibited from doing so. Such notification must include a copy of the subpoena or judicial order.

b. The Receiving Party also must inform in writing the party who caused the subpoena or order to be issued in the other litigation or proceeding that some or all of the material sought by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other litigation or proceeding that caused the subpoena to be issued.

c. The Receiving Party shall endeavor to cooperate with respect to all reasonable procedures sought by the Designating Party whose Confidential Discovery Material may be affected.

d. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the Designating Party in this Action an opportunity to try to protect its Confidential Discovery Material in the court from which the subpoena or order was issued. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court. The obligations set forth in this Paragraph remain in effect so long as a Party or Non-Party has Confidential Discovery Material in its possession, custody or control.

e. Notwithstanding any other provision of this Order, a Receiving Party shall not be obligated to notify a Designating Party of routine audits, regulatory exams and/or investigations if it is not legally permitted to do so, and nothing in this Order shall be deemed to prevent a Receiving Party from disclosing any Confidential Discovery Material to any auditors and related personnel, or to any regulatory, self-regulatory or supervisory authority having appropriate jurisdiction, pursuant to applicable law, regulation or court order, provided that (i) such disclosure is limited to only that portion of the Confidential Discovery Material that the Receiving Party is legally compelled to disclose and (ii) the Receiving Party will exercise reasonable efforts to obtain assurance that confidential treatment will be accorded to that portion of the Confidential Discovery Material that is being disclosed. The Receiving Party shall promptly notify a Designating Party of such exams and/or investigations if it is legally permitted to do so.

33. **Unauthorized or Inadvertent Disclosure of Confidential Discovery Material.**

a. Each person who has access to Confidential Discovery Material, including any person to whom such Discovery Material has been disclosed, shall take all reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material or

the information contained or reflected in such material, including, without limitation, in the form of notes, summaries, or analyses of such material. Such person shall, at a minimum, (i) take commercially reasonable measures to ensure the Discovery Material is protected against loss, interference and misuse and from unauthorized access, modification and disclosure; and (ii) exercise at least the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information of equivalent confidentiality.

b. If any Receiving Party storing or maintaining Confidential Discovery Material subject to this Order discovers any loss of or a breach of security, including any unauthorized access, relating to such Discovery Material, such Receiving Party shall: (i) promptly take all necessary and appropriate corrective action to terminate the unauthorized access; (ii) promptly provide written notice to the Designating Party of such breach; (iii) investigate and make reasonable efforts to mitigate the effects of the breach; and (iv) provide sufficient information about the breach so that the Designating Party can reasonably ascertain the size and scope of the breach and comply with any applicable United States or foreign data privacy or any other applicable United States or foreign statute, law, regulation, privilege, court order, restriction, defense, immunity, or protection.

34. **Obligations on Conclusion of Litigation.**

a. Upon written request of the Designating Party within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, the Receiving Party in this matter shall take reasonable steps to ensure that all Confidential Discovery Material, including copies as defined in Paragraph 22, are destroyed or returned to the Designating Party, and so certified in writing, within ninety (90) days of the Designating Party’s request unless

(i) otherwise agreed to by the Parties, or (ii) the document has been offered into evidence or filed without restriction as to disclosure.

b. Notwithstanding any other provision of this Order, the obligation to return or destroy Confidential Discovery Material and all copies of such material shall not apply to (i) email correspondence related to outside counsel's representation; (ii) attorney-client privileged material and/or work product created by counsel, a Party, a Consenting Requesting Beneficial Owner, or a third party in connection with this litigation, which reflect, summarize, or otherwise refer to Confidential Discovery Material, including attorney notes and memoranda; (iii) deposition transcripts, hearing transcripts, trial transcripts, exhibits, the trial record (including exhibits), pleadings, motions, briefs, supporting affidavits, and other papers filed with the Court, including those filed under seal; and (iv) copies of any Confidential Discovery Material to the extent necessary for legal or regulatory compliance (or compliance with the Receiving Party's internal policies and procedures reasonably designed to ensure legal or regulatory compliance). Any retained Confidential Discovery Material shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Discovery Material.

c. Filings under seal shall be deleted from the ECF system only upon order of the Court.

## IV. LIMITATIONS ON WAIVER OF PRIVILEGE

35. **No Waiver by Disclosure.**

a. This Order is entered, *inter alia*, pursuant to Rule 502(d) of the Federal Rules of Evidence. If a Producing Party that produces or otherwise discloses information in connection with this Action thereafter claims such information is privileged or protected by the attorney work-product protection ("Disclosed Protected Information"), the

disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this Action or in any other federal, state, or foreign proceeding.

b. A Producing Party may assert in writing attorney-client privilege or work-product protection with respect to Disclosed Protected Information. The Receiving Party must—unless it contests the claim of privilege or work-product protection in accordance with sub-paragraph (c)—within ten (10) business days of receipt of that writing, (i) return or destroy all copies of the Disclosed Protected Information, (ii) take reasonable steps to retrieve all copies of the Disclosed Protected Information distributed to other counsel or non-parties, and (iii) provide a certification of counsel that reasonable steps have been taken to return or destroy the Disclosed Protected Information in the Receiving Party's possession, custody, or control. Within five (5) business days of receipt of the notification that the Disclosed Protected Information has been returned or destroyed, the Producing Party must produce a privilege log with respect to the Disclosed Protected Information.

c. If the Receiving Party contests the claim of privilege or work-product protection, the Receiving Party must—within ten (10) business days of receipt of the claim of privilege or protection—move the Court for an Order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion"). The Receiving Party must seek to file the Disclosure Motion under seal. Pending resolution of the Disclosure Motion, the Receiving Party must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

d. The Parties may stipulate to extend the time periods set forth in sub- paragraphs (b) and (c).

e. The Producing Party retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information. Nothing in this Paragraph shall limit the right of any Party or Non-Party to petition the Court for an *in camera* review of the Disclosed Protected Information.

36. **Receiving Party's Obligation**. Nothing in this Order shall relieve counsel for any Receiving Party of any existing duty or obligation, whether established by case law, rule of court (including, without limitation, rules of professional conduct), regulation or other source, to return, and not to review, any privileged or work-product materials without being requested by the Producing Party to do so.

## V. MISCELLANEOUS

37. **No Limitation on Discovery**. Nothing in this Order shall limit, restrict, or otherwise affect (a) the Parties' ability to seek discovery from a Party, Consenting Requesting Beneficial Owner, any other Requesting Beneficial Owner, or any other Non-Party, including, where applicable, by subpoena, motion practice, or otherwise, or to seek any relief from the Court in connection therewith; or (b) any Party's, Consenting Requesting Beneficial Owner's, or Non-Party's ability to object to any discovery request or subpoena on any ground or to seek any relief from the Court in connection therewith, except as set forth in Paragraph 24(c). Nothing in this Order shall constitute a waiver of any Party's or Non-Party's rights or obligations with respect to such discovery.

38. **Non-Party Subpoenas**. An Issuing Party shall include a copy of this Order with any subpoena to a Non-Party. The Issuing Party shall ensure that all other Parties receive copies of any production of documents or information by a Non-Party in response to a

subpoena within five (5) business days of the Issuing Party's receipt of such production, or in the case of voluminous material or other exceptional circumstances, the Issuing Party shall notify all other Parties of its receipt of such production within five (5) business days, and shall provide copies of the Non-Party production to all other Parties as soon as practicable.

39. **Notice Requirements**. All notices required by this Order must be provided in writing to counsel of record for each Party and, if applicable, in writing to a Non-Party. Any of the notice requirements herein may be waived in whole or in part, but only in writing by the Designating Party or Non-Party.

40. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a Party or any other person with standing concerning the subject matter, including but not limited to the Consenting Requesting Beneficial Owners.

41. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Discovery Material by counsel or the Parties or Non-Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

42. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, the Consenting Requesting Beneficial Owners and their counsel of record and law firms, and persons made subject to this Order by its terms.

43. **Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: August 4, 2026

*s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.
Sergio J. Galvis
Amanda Flug Davidoff
Thomas C. White

SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004-2498
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel for Defendant*
*The Republic of Argentina*

*s/ Edward A. Friedman*
Edward A. Friedman
Daniel B. Rapport
Jeffrey C. Fourmaux
Michael S. Palmieri
Harry J. Liberman

FRIEDMAN KAPLAN SEILER
ADELMAN & ROBBINS LLP
7 Times Square
New York, New York 10036
Telephone: (212) 833-1100
Facsimile: (212) 833-1250

*Counsel for Plaintiff The Bank of New York*
*Mellon, solely in its capacity as Trustee*

*s/ Edward A. Friedman*
Edward A. Friedman
Daniel B. Rapport
Jeffrey C. Fourmaux
Michael S. Palmieri
Harry J. Liberman

FRIEDMAN KAPLAN SEILER
ADELMAN & ROBBINS LLP
7 Times Square
New York, New York 10036
Telephone: (212) 833-1100
Facsimile: (212) 833-1250

*Counsel for Consenting Requesting Beneficial Owners Aurelius Capital Master, Ltd.; ACP Master, Ltd.; and Aurelius Opportunities Fund, LLC*

*s/ Matthew S. Salerno*
Matthew S. Salerno
Mariaeugenia Gurdian -

LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, New York 10020
Telephone: (212) 906-1200
Facsimile: (212) 751-4864

*Counsel for Consenting Requesting Beneficial Owner WASO Holding Corporation*

IT IS SO ORDERED, this 4th day of August, 2026:

Loretta A. Preska

Hon. Loretta A. Preska
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AURELIUS CAPITAL MASTER, LTD.; ACP MASTER, LTD.; AURELIUS OPPORTUNITIES FUND, LLC; 683 CAPITAL PARTNERS, LP; ADONA LLC; EGOZ I LLC; EGOZ II LLC; MASTERGEN, LLC; ERYTHRINA, LLC; AP 2016 1, LLC; AP 2014 3A, LLC; AP 2014 2, LLC; WASO HOLDING CORPORATION; TWO SEAS GLOBAL (MASTER) FUND LP; VIRTUAL EMERALD INTERNATIONAL LTD. and THE BANK OF NEW YORK MELLON, SOLELY IN ITS CAPACITY AS TRUSTEE,<br><br>Plaintiffs,<br><br>- against -<br><br>THE REPUBLIC OF ARGENTINA,<br><br>Defendant. | No. 1:23-CV-10838 (LAP)<br>Hon. Loretta A. Preska |

**ATTACHMENT A**
**ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated August__, 2026 in the above-captioned Action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Stipulated Protective Order and understands that the terms of the Stipulated Protective Order obligate him/her to use materials designated as Confidential Discovery Material in accordance with the Stipulated Protective Order solely for the purposes of the above-captioned Action, and not to disclose any such Confidential Discovery Material to any other person, firm, legal entity, or concern except as expressly permitted by the Stipulated

Protective Order. The undersigned acknowledges that violation of the Stipulated Protective Order may result in penalties, including contempt of court.

Name: ____________________________________________________________

Employer: ________________________________________________________

Address: _________________________________________________________

Date: ______________________________

Signature: ___________________________