# EXHIBIT 4

SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

125 Broad Street
New York, New York 10004-2498

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
BRUSSELS • FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

September 29, 2026

Via Email

Jeffrey C. Fourmaux,
Friedman Kaplan Seiler Adelman & Robbins LLP
7 Times Square,
New York, NY 10036-6516

Re: *Aurelius Capital Master, Ltd., et al.* v. *The Republic of Argentina*, No. 1:23-cv-10838 (LAP)

Dear Jeff:

I write on behalf of the Republic of Argentina (the "Republic") in response to your email sent at 3:13 p.m. on Friday, September 25, which demands a written response by 5:00 p.m. on Tuesday, September 29. To be clear, your email follows the parties' two one-hour meet-and-confer sessions on September 24. In advance of those sessions, on September 11, the Republic provided an eighteen-page letter addressing issues Plaintiff raised with the Republic's June 4, 2026 Responses and Objections to Plaintiff's First Set of Interrogatories and First Set of Requests for the Production of Documents and Things, and proposing reasonable searches, subject to identified objections and limitations (the "Sept. 11 Ltr.").

You devoted the first hour of the meet-and-confer to general issues rather than individual interrogatories and document requests. When the parties turned to those requests during the second session, however, you refused to meaningfully engage with the Republic's proposed scope and limitations described in detail in my September 11 letter. Your September 25 email then singled out discrete issues arising from that still-ongoing discussion and imposed a two business-day deadline for a written response. Meanwhile, the Republic continues to await your response to its separate September 11 letter identifying substantial deficiencies in Plaintiff's discovery responses.

Plaintiff is not entitled to short-circuit the meet-and-confer process with demands for unqualified "yes or no" commitments to vaguely worded piecemeal questions. Your threat to treat anything short of unqualified "yes" answers as an "impasse" is not consistent with good faith discussions. The parties have not completed their meet-and-confer regarding the Republic's

proposals. Plaintiff has yet to address the deficiencies identified in the Republic's separate September 11 letter. We therefore expect that the parties will continue the meet-and-confer process and that you will address both sets of outstanding issues at our next session. If Plaintiff is resolved to burden the Court with its preferred issues before that process is completed, the Republic reserves the right to raise the deficiencies in Plaintiff's discovery responses and any other issues that remain unresolved. Nothing in this response waives the Republic's objections or accepts the characterizations, assumptions, or argumentative terminology in your September 25 email.

Against that background, we respond below to the two specific issues raised in your September 25 email.

**I. Document Request No. 24 and the Related Newly-published 1993 Series Requests (Nos. 25–39)**

Your first question demands that the Republic confirm whether it will produce "the entirety of INDEC's working files and work papers" in connection with the Newly-published 1993 Series, "without any date restriction" or limitations based on relevance or keyword searches.

As explained in our September 11 letter, the Republic proposes conducting a search focused on the preparation and publication of the Newly-published 1993 Series. To that end, the Republic will search for, collect, and produce responsive, non-privileged documents and data (at the highest level of disaggregation available) prepared by, relied on, or used by INDEC in connection with the preparation and publication of the Newly-published 1993 Series through Reference Year 2022 between June 9, 2023, and July 1, 2024. The Republic will collect these materials pursuant to a reasonably diligent search based on interviews with the relevant custodians and review collected materials for responsiveness to each applicable request. As discussed during our September 24 meet-and-confer, applicable privileges and Argentine-law protections, including statistical secrecy, will be addressed through document-specific review and appropriate redactions or logging, not categorical exclusions from collection based solely on a possible protection. The Republic continues to preserve privilege and work-product protections for counsel's advice, drafts, and litigation strategy concerning the English Court Order. (Sept. 11 Ltr. at 3–4, 16–18.)

The proposed June 9, 2023–July 1, 2024 search period is appropriate for documents concerning the preparation and publication of the Newly-published 1993 Series. The period runs from the date the English Court Order's publication obligations took effect to the date of the publication of the Series through Reference Year 2022 and is directed to the work underlying that exercise. To the extent that INDEC relied on documents or used data that predate that period in producing the Newly-published 1993 series, such materials will be captured by the proposed search. Similarly, even though Plaintiff's claims for Reference Years 2014–2016 were dismissed as time-barred, the proposed search period will capture relevant materials concerning the preparation and publication of the Newly-published 1993 Series for Reference Years through 2022, including for any Reference Years published in the Newly-published 1993 Series prior to Reference Year 2017. Claims for Reference Years after 2022, however, were not ripe when the Amended Complaint was filed. Plaintiff has offered no explanation for why discovery related to Reference Years after 2022 would be relevant to any surviving claim. (Sept. 11 Ltr. at 2–3.)

In addition, as our September 11 letter explains, Request No. 24 substantially overlaps with Requests Nos. 25–39, and the Republic "need not run separate searches for overlapping descriptions of the same technical work." (Sept. 11 Ltr. at 16.) The Republic also does not agree with your characterization of "work papers." The passage you quote from page 16 describes the subject matter of the overlapping requests; it does not agree to characterize every such document as a "work paper." The search the Republic will undertake will capture documents responsive to the applicable requests, and the Republic will not withhold an otherwise responsive document merely because it corresponds to a related request.

Your email also misstates the Republic's responses to Interrogatory Nos. 2 and 3. You assert that the Republic "has sworn" that the relevant custodians "amount to only three living individuals." Not so. Those responses identified current or former officials with knowledge concerning the subject matter of the Interrogatories and referred to prior identifications and disclosures. (Interrog. Resp. Nos. 2–3; Sept. 11 Ltr. at 5–6, 16.) Regardless, the Republic proposes collecting all documents responsive to the search proposed above located after a reasonably diligent search based on interviews with the relevant custodians. As for your contention that the Republic "should also conduct a key-word search for emails and other documents concerning" the Newly-published 1993 Series, we are available to discuss reasonable search parameters for obtaining responsive documents.

## II. Document Request No. 12 and the Related National-Accounts Requests (Nos. 9–23 and 40–41)

Your second question demands that the Republic confirm whether it will produce "the entirety of INDEC's working files and work papers" related to the Revised 2004 Series and Original 2004 Series, "without any date restriction" or limitations based on relevance, keyword searches, or whether the documents are publicly available.

*First*, the Republic is willing to produce data concerning the Revised 2004 Series to the extent such data were used in connection with its production of the Newly-published 1993 Series. But Plaintiff is not entitled to discovery into all documents or data related to the Revised 2004 Series.

As we explained in our September 11 letter and during the September 24 meet-and-confer, the reliability of the Revised 2004 Series is not at issue in this Action. Upon its review of the Revised 2004 Series, the IMF lifted its censure with respect to the Republic's GDP. That is undisputed. Your contention that the IMF has not approved the Revised 2004 Series as a "substitute" for the Discontinued 1993 Series misses the point. As your email recognizes, the Revised 2004 Series was a starting point for INDEC's preparation of the Newly-published 1993 Series; it is not a "substitute" for the Discontinued 1993 Series, nor is the Revised 2004 Series the Newly-published 1993 Series. INDEC's July 1, 2024 methodological note concerning the Newly-published 1993 Series—submitted with the Republic's motion to dismiss—describes the adjustments INDEC made to the sector-level 2004-base estimates to reflect the 1993-base methodology. (Giuffra Decl. Ex. 5, Dkt. No. 38-5 at 19–22.) The motion to dismiss explains that distinction, including on the page your email cites. (Dkt. No. 39 at 8, 12.) Plaintiff has not justified further discovery into the Revised 2004 Series.

*Second*, your request for documents concerning the Original 2004 Series fares no better. Your email describes the Original 2004 Series as "a reasonable resource for information about the 1993 Series." This is incorrect. As explained above, the Revised 2004 Series—which replaced the Original 2004 Series and prompted the IMF to lift its censure of the Republic's GDP—was the starting point for the calculation and publication of the Newly-published 1993 Series, not the Original 2004 Series. And any asserted historical overlap in data sources between the Discontinued 1993 Series and Original 2004 Series does not justify collecting all documents concerning the Original 2004 Series. To compare methodologies, Plaintiff can consult the publications for both 2004 series on INDEC's website: Documentos de Trabajo No. 23 for the Original 2004 Series, and the June 2016 methodological note and Metodología INDEC No. 21 (2016) for the Revised 2004 Series. Your own Request No. 14 identifies these publications. The June 1999 methodology for the Discontinued 1993 Series is also publicly available. (Dkt. No. 38-5 at 19 n.1.) These sources complement the voluminous national-accounts materials already available from the Prior Actions.

Finally, the Republic rejects your assertion that it "destroyed everything related to the 1993 Series." Our September 11 letter explained that INDEC's historical working files for the Discontinued 1993 Series were not retained because they became obsolete upon the 2014 rebasing and were discontinued in the ordinary course—years before this litigation and the related cases. (Lavagna Statement ¶¶ 14, 19; Sept. 11 Ltr. at 8.) The letter also addressed the extensive discovery available from the Prior Actions. (Sept. 11 Ltr. at 2, 14.) You have not identified a concrete, non-duplicative gap warranting the unrestricted collections you now demand.

* * *

We remain available to discuss a relevant and proportionate search, without repeating prior searches or conducting separate searches for overlapping requests. Please provide your availability to continue the meet-and-confer process and address both parties' outstanding discovery issues.

Very truly yours,

*<u>/s/ Arturo Carlos Schultz</u>*
Arturo Carlos Schultz

Enclosures
cc: All counsel (by email)