FRIEDMAN KAPLAN

**EDWARD A. FRIEDMAN**
efriedman@fklaw.com
212.833.1102

October 13, 2026

**BY ECF**
The Honorable Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2220
New York, New York 10007-1312

Re: *Aurelius Capital Master, Ltd. et al. v. The Republic of Argentina*, No. 23 Civ. 10838 (S.D.N.Y.) (LAP)

Dear Judge Preska:

On behalf of the Trustee, we respond to Argentina's October 9, 2026 letter (ECF 58).

**INDEC's 2004 Series Working Files Are Relevant and Not Burdensome to Collect and Produce.**

With respect to the revised version of the 2004 Series, Argentina contends that it is the "best available source of data to create a series that is as close as possible" to the 1993 Series. If so, then there should be no question that the working files for that version should be produced so that the Trustee can test Argentina's assertion, determine why the Manufactured Information diverges from the historically published 1993 Series, and determine whether to use the revised version in its own estimates of the 1993 Series.

Argentina retorts that the IMF has "endorsed" the revised version, so there's no need for the Trustee to see the working files for it. But the IMF has said nothing about whether the revised version should be used, as Argentina apparently has, to estimate the 1993 Series. And even if it had, that is no reason to limit production of the work papers. If anything, an IMF endorsement is a reason why the work papers *should* be produced—so that the Trustee has the benefit of the same materials to evaluate what Argentina decided to pick and choose, and to come up with its own estimates.

With respect to the original version, it was the version produced closest in time to the 1993 Series, and Argentina has admitted that the original version and the 1993 Series used the "same set of surveys." (Ex. 1 ¶ 49.) While Argentina quibbles with the extent of the overlap, that is not a basis for limiting production. The Trustee should be able to explore the entirety of those work papers to assess the extent of the overlap, and to determine if anything from the original version casts light on how the 1993 Series was prepared.[1]

Argentina's faint attempt to plead burden fails. While it describes the volume of the work papers as "extraordinary," it provides no supporting facts. Argentina's interrogatory responses identify only three currently living INDEC officials with knowledge of the different series/versions' preparation. Those three individuals will know where the files are kept, and once their locations are identified, they can be copied. Indeed, Argentina has conceded that it is not burdensome to produce INDEC's work papers for the Manufactured Information. The same collection process can be followed for the 2004 Series, which was first published in 2014 (albeit for years going back to 2004) and remains an ongoing INDEC publication.

**Post-2022 Discovery Is Relevant to RY2017-2022 Claims, and to Claims the Trustee *Has* Pled for "Years After 2022."**

Argentina contends that the Trustee is not entitled to discovery about methodological changes after 2022 because the methodologies are "public." Nothing public explains the revisions to the Manufactured Information since 2022. And what has been made public is insufficient. Just as public information absent the work papers was insufficient to recreate the 1993 Series, public information about the Manufactured Information and the 2004 Series is insufficient for our expert to perform the relevant analyses here.

The Trustee has also pled live claims for "[y]ears after 2022" in the Amended Complaint filed October 22, 2024. (ECF 34 ¶ 120 n.7). The Trustee did not need to further amend before the May 29, 2026 amendment deadline,

---

[1] Argentina has also recently contended that the Manufactured Information deviates from the 1993 Series because it used a different CPI input. (Ex. 2 at ¶¶ 49-51.) The original version and the 1993 Series used the same CPI input. In the absence of the 1993 Series working papers, comparing the original and revised versions may be the best way to determine the impact of using a different CPI and test Argentina's assertion.

and the Republic did not dispute that the Amended Complaint had asserted claims for years after 2022 until after the deadline. (ECF 57-2 at 2.)

Moreover, Argentina's failure, *to this day*, to obtain consents required for its deviation from the Securities' prescribed calculation *is* a continuing breach of their Modification Provisions. Post-2022 data is relevant to damages from that ongoing breach.

Respectfully,

*/s Edward A. Friedman*
Edward A. Friedman

cc: All counsel (by ECF)

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing letter contains 691 words (including footnotes, but excluding the date, address block, subject line, signature block, and cc line) in compliance with S.D.N.Y. Local Civil Rule 7.1(c) and Rule 2.A of the Individual Practices of Judge Loretta A. Preska, dated April 1, 2025.

*/s Edward A. Friedman*
Edward A. Friedman