FRIEDMAN
KAPLAN

**EDWARD A. FRIEDMAN**
efriedman@fklaw.com
212.833.1102

October 6, 2026

**BY ECF**
The Honorable Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2220
New York, New York 10007-1312

Re: *Aurelius Capital Master, Ltd. et al. v. The Republic of Argentina*, No. 23 Civ. 10838 (S.D.N.Y.) (LAP)

Dear Judge Preska:

We represent The Bank of New York Mellon, solely in its capacity as trustee (the "Trustee). The Trustee respectfully requests a pre-motion conference to address certain discovery disputes on which the parties have reached an impasse after meeting-and-conferring. (*See* Exs. 1-4.)

The Securities require Actual Real GDP measured in constant 1993 prices (the "1993 Series") to determine whether payments are due and their amounts. Despite the contractual requirement for this input, Argentina stopped publishing the 1993 Series after 3Q2013, and the required input has thus not been published for 2014 to date.

Argentina contends that data it began publishing in 2024 (the "Manufactured Information") should be accepted as the missing 1993 Series data, even though it differs materially from 1993 Series data previously published by Argentina. The Trustee intends to prove why the Manufactured Information should not be accepted and to put forth its own estimates of the missing 1993 Series data. In denying Argentina's motion to dismiss, this Court held that "figuring out which parties' data is 'reasonable' or 'as close as possible' to what the contract called for, is a factual question" that warrants discovery. (ECF 49 at 25.)

Accordingly, the Trustee has sought discovery of Argentina's working files and work papers (as specifically described in the Trustee's document requests[1]) for the Manufactured Information. It has also sought Argentina's working files and work papers for the original and revised versions of Actual Real GDP measured in constant 2004 prices (the "2004 Series").

With respect to the original version of the 2004 Series, Argentina has admitted that it used many of the same data sources used for the 1993 Series. Given Argentina's contention that it has otherwise destroyed everything related to the 1993 Series, the original version may be the only surviving source for data and methodologies used to prepare the 1993 Series.

With respect to the revised version of the 2004 Series, Argentina has taken contradictory positions. First, it said the revised version was *not* an appropriate basis upon which to reconstruct the 1993 Series. (ECF 38-8, ¶ 24.) Then, it switched gears and used the revised version as "the starting point" for the Manufactured Information. (Ex. 4 at 4.) Indeed, the Manufactured Information growth rates substantially mirror those of the revised version. (*See* ECF 34, ¶ 128.)

Complete working files and work papers for the Manufactured Information and both versions of the 2004 Series will enable our retained experts to evaluate the *bona fides* of the Manufactured Information, explore why the Manufactured Information differs so radically from the 1993 Series, consider whether that departure is due to differences between the two versions of the 2004 Series, explore the basis for Argentina's change of course, and to determine what if any elements from either version are appropriate to adopt for purposes of the Trustee's own estimates of the missing 1993 Series data.

The parties have resolved certain points but are at an impasse on others as described below.

[1] Ex. 5 at RFP 12(a)-(c), (f) & RFP 24(c)-(d), (f), (h), (j) (*e.g.*, the "calculations underlying the statistics published by INDEC," "the data files used," "the documentation describing the steps used to calculate or compile the statistic[s]," such as "the data sources, surveys, models, sectoral weightings, processes, and/or procedures used").

**The 2004 Series**

With respect to the original version, Argentina contends that the Trustee should receive no documents beyond those already produced in the Prior Actions. That prior production was very limited, reflecting that the Prior Actions asserted claims solely relating to 2013, as to which data under the 1993 Series and a similar index were already publicly available. In contrast, the present action requires the Trustee to estimate many years of 1993 Series data that was never published and rebut the Manufactured Information. This exercise requires the more comprehensive and granular disclosure that would be provided by the working files and work papers.

With respect to the revised version, Argentina contends that production should be limited to those materials it used to prepare the Manufactured Information. (Ex. 4 at 3.) The Trustee is entitled to production of the entirety of the revised version working file (i) to determine whether parts of the revised version are appropriate *for the Trustee* to use in *its own* estimates of the missing 1993 Series data, without limitation to the parts Argentina chose to use for the Manufactured Information, and (ii) to determine more precisely why the revised version diverged from the 1993 Series and therefore why it was not an appropriate starting point for estimating the missing 1993 Series data.

The Trustee therefore requests that the Court order Argentina to produce the full working files and working papers for both versions of the 2004 Series.

**Post-2022 Discovery**

Argentina contends that, because the Amended Complaint was filed before the payment dates for years after 2022, this action does not include post-2022 claims, and it refuses to provide discovery for those years—either for the Manufactured Information, the 2004 Series, or otherwise. (Ex. 2 at 2-3.)

The Amended Complaint, however, explicitly asserts claims for "any Reference Years after 2013" for which a payment was due, including years "after 2022," and for other ongoing breaches—including Argentina's failure to obtain the consents required by the Modifications provision. (ECF 34 ¶¶ 120n.7, 141-48 & p.59.) The Trustee is entitled to discovery concerning continuing breaches and the damages they have caused. *See United States v. IBM Corp.*, 66 F.R.D. 180, 185 (S.D.N.Y. 1974); Wright & Miller, FED. PRAC.

& PROC. CIV. § 1508 (3d ed.). In all events, the payment dates for 2023 and 2024 have passed and the payment date for 2025 (December 15, 2026) will occur months before document discovery closes.

Moreover, even leaving aside the Trustee's post-2022 claims, discovery concerning years after 2022 is relevant to the Trustee's claims for 2022 and earlier. The Trustee is entitled to explore whether Argentina changed the data or methodologies for the Manufactured Information (and the underlying 2004 Series) over time, including after 2022. Notably, Argentina has recently revised previously reported figures, suggesting a change in data or methodology. That, in turn, raises the question whether the change brought the Manufactured Information closer or farther from the 1993 Series.

For all these reasons, the Trustee requests that the Court order Argentina to produce discovery for years after 2022.

Respectfully,

*s/ Edward A. Friedman*
Edward A. Friedman

cc: All counsel (by ECF)

**CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing letter contains 1,050 words (including footnotes, but excluding the date, address block, subject line, signature block, and cc line) in compliance with S.D.N.Y. Local Civil Rule 7.1(d) and Rule 2.B of the Individual Practices of Judge Loretta A. Preska, dated April 1, 2025.

*/s Edward A. Friedman*
Edward A. Friedman

The parties shall appear for a conference in Courtroom 12A on November 9, 2026 at 10:00 AM to address all outstanding discovery disputes. By November 3, 2026, the parties shall meet and confer, either in person or via videoconference, and make good-faith efforts to narrow the disputes where possible. By November 4, 2026, the parties shall submit a joint letter to the Court outlining each issue that remains disputed and the parties' respective positions.

**SO ORDERED.**

Loretta A. Preska
Senior United States District Judge

October 22, 2026